**UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE**

David Fischer

     v.                                Civil No. 05-cv-035-SM

New Hampshire Parole Board

**O R D E R**

David Fischer, proceeding *pro se*, filed a petition for a writ of habeas corpus (document no. 1) pursuant to 28 U.S.C. § 2254. The petition came before this Court for preliminary review to determine whether it was facially sufficient to require that it be answered. See Rule 4 of the Rules Governing § 2254 Proceedings ("§ 2254 Rule") (requiring initial review to determine whether the petition is facially valid). Having determined that the petition as initially filed demonstrated neither that the petition was timely nor that it was completely exhausted, I directed Fischer to amend his petition to demonstrate both timeliness and exhaustion in an Order dated April 6, 2005 (document no. 2). In response to the April 6 Order, Fischer filed a "Motion to Amend Petition for Writ of Habeas Corpus to Show Timeliness of Petition" (document no. 3) and "Motion to Amend Petition for Writ of Habeas Corpus to Show

that State Remedies Have Been Exhausted" (document no. 4), both
of which were accepted as addenda to the original petition.

Upon review of the amendments, I found that Fischer had
demonstrated the timeliness of his petition, but had not yet
demonstrated exhaustion of three of the eleven claims presented
in his petition.  Accordingly, on May 16, 2005, I directed
Fischer to further amend to demonstrate exhaustion, forego his
unexhausted claims, or seek a stay in order to exhaust his
unexhausted claims (document no. 5).  On June 15, 2005, Fischer
filed a pleading advising this Court that he would forego his
three unexhausted claims and proceed with his eight exhausted
claims (document no. 6).[1]

With his three unexhausted claims removed from the petition,
I find that Fischer has now demonstrated exhaustion of all of the
claims before this Court.  Accordingly, the petition shall be
served upon the New Hampshire State Parole Board, which shall
file an answer or other pleading in response to the allegations

---

[1]Although Fischer's most recent pleading is a letter and not
technically in compliance this Court's local rules governing the
filing of motions, see United States District Court for the
District of New Hampshire Local Rule 7.1, I will accept it as
sufficient to request the removal of Fischer's unexhausted claims
from this action.

made therein.  <u>See</u> <u>id.</u> (requiring reviewing judge to order a response to the petition). The Clerk's office is directed to serve the New Hampshire Office of the Attorney General by certified mail, return receipt requested, copies of this Order, the two prior orders to amend issued by this Court (document nos. 2 & 5), and the original habeas petition and addenda thereto (document nos. 1, 3, 4 & 6).  Respondent shall answer or otherwise plead within thirty (30) days of the date of this Order.  The answer shall comply with the requirements of § 2254 Rule 5 (setting forth contents of the answer).

Upon receipt of the response, the Court will determine whether a hearing is warranted.  <u>See</u> § 2254 Rule 8 (providing circumstances under which a hearing is appropriate).

Petitioner is referred to Rule 5 of the Federal Rules of Civil Procedure, which requires that every pleading, written motion, notice, and similar paper, after the petition, shall be served on all parties.  Such service is to be made by mailing the material to the parties' attorney(s).

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date:   June 23, 2005

3

cc:      David Fischer, *pro se*