UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE

<u>David Fischer</u>,
    Petitioner

    v.                              Civil No. 05-cv-35-SM
                                         Opinion No. 2006 DNH 099

<u>New Hampshire Parole Board</u>,
    Respondent

<u>**O R D E R**</u>

In September of 1996 David Fischer was convicted, in state court, of attempted first degree assault and witness tampering. He was sentenced to serve eleven to twenty-two years in the New Hampshire State Prison. Over the course of the next few years, he pursued a variety of direct and collateral attacks upon his convictions and sentence in a number of state judicial and administrative forums. When those efforts proved unsuccessful, he filed a petition seeking federal habeas corpus relief in this court. <u>See</u> 28 U.S.C. § 2254.

In support of his habeas corpus petition, Fischer advances a total of eleven grounds for relief, three of which were not properly exhausted. But, when given the opportunity to return to state court to exhaust those claims, Fischer declined. <u>See</u> Petitioner's waiver of unexhausted claims (document no. 6). The

State moves for summary judgment as to the remaining eight grounds, saying they are either procedurally barred or lack merit.

Although Fischer has filed a general objection, he has not responded in any substantive way to the arguments advanced by the State, nor has he challenged the State's statement of material facts.  Instead, he simply notes his general objection to the motion for summary judgment and, in support of that objection, "incorporates by reference documentation previously submitted to this court."  Petitioner's objection (document no. 15).  By failing to file a substantive objection to the State's motion for summary judgment, Fischer has (among other things) failed to articulate why he believes that, as to each of the claims advanced in his petition, it is not procedurally barred and/or how the underlying state court's resolution of that claim was contrary to, or involved an unreasonable application of, clearly established federal law.

For the reasons set forth below, the State's motion for summary judgment is granted.

**Standard of Review**

I.   <u>Summary Judgment</u>.

When ruling on a party's motion for summary judgment, the court must "view the entire record in the light most hospitable to the party opposing summary judgment, indulging all reasonable inferences in that party's favor." <u>Griggs-Ryan v. Smith</u>, 904 F.2d 112, 115 (1st Cir. 1990).  Summary judgment is appropriate when the record reveals "no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(c).  In this context, "a fact is 'material' if it potentially affects the outcome of the suit and a dispute over it is 'genuine' if the parties' positions on the issue are supported by conflicting evidence."  <u>Intern'l Ass'n of Machinists & Aerospace Workers v. Winship Green Nursing Ctr.</u>, 103 F.3d 196, 199-200 (1st Cir. 1996) (citations omitted).

Nevertheless, if the non-moving party's "evidence is merely colorable, or is not significantly probative," no genuine dispute as to a material fact has been proved, and "summary judgment may be granted."  <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 249-50 (1986) (citations omitted).  The key, then, to defeating a properly supported motion for summary judgment is the non-movant's ability to support his or her claims concerning disputed

material facts with <u>evidence</u> that conflicts with that proffered
by the moving party.  <u>See generally</u> Fed. R. Civ. P. 56(e).  It
naturally follows that while a reviewing court must take into
account all properly documented facts, it may ignore bald
assertions, unsupported conclusions, and mere speculation.  <u>See</u>
<u>Serapion v. Martinez</u>, 119 F.3d 982, 987 (1st Cir. 1997).


     Here, because Fischer does not contest the factual
statements recited in the State's motion for summary judgment,
the court will take those facts as admitted.  <u>See</u> Local Rule
7.2(b)(2) ("A memorandum in opposition to summary judgment shall
incorporate a short and concise statement of material facts,
supported by appropriate record citations, as to which the
adverse party contends a genuine dispute exists so as to require
trial.  All properly supported material facts set forth in the
moving party's factual statement shall be deemed admitted unless
properly opposed by the adverse party.").  <u>See also</u> <u>In re Spigel</u>,
260 F.3d 27, 31 (1st Cir. 2001).


II.  <u>AEDPA Standard for Exhausted Claims</u>.

     Since passage of the Anti-Terrorism and Effective Death
Penalty Act of 1996 ("AEDPA"), 28 U.S.C. § 2254(d), the power to
grant federal habeas relief to a state prisoner with respect to

claims adjudicated on the merits in state court has been substantially limited.  A federal court may not disturb a state conviction unless the state court's adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."  28 U.S.C. § 2254(d)(2).  Alternatively, habeas relief may be granted if the state court's resolution of the issues before it "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States."  28 U.S.C. § 2254(d)(1).  See also Williams v. Taylor, 529 U.S. 362, 399 (2000).

In his petition, Fischer attacks the state court's decisions pursuant to section 2254(d)(1).  So, to prevail he must demonstrate that the state court's rejection of his claims was either contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court.  See generally Williams, 529 U.S. at 410-13 (explaining the difference between a decision that is "contrary to" Supreme Court precedent, and one that involves an "unreasonable application" of such precedent, and also explaining that an "incorrect" decision is not necessarily an "unreasonable" one).

Finally, it probably bears noting that a state court need not rely upon, nor need it even cite, Supreme Court precedent in order to avoid resolving a petitioner's claims in a way that is "contrary to" or involves an "unreasonable application of" clearly established federal law.  See Early v. Packer, 537 U.S. 3, 8 (2002) ("Avoiding these pitfalls does not require citation of our cases – indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state–court decision contradicts them.") (emphasis in original).

Of course, "AEDPA's strict standard of review only applies to a 'claim that was adjudicated on the merits in state court proceedings.'"  Norton v. Spencer, 351 F.3d 1, 5 (1st Cir. 2003) (quoting Fortini v. Murphy, 257 F.3d 39, 47 (1st Cir. 2001)). "If a claim was not adjudicated on the merits in a state court proceeding, then the issue is reviewed de novo."  Norton, 351 F.3d at 5 (citation omitted).

III. Procedurally Barred Claims.

To pursue a habeas claim in federal court that was procedurally defaulted in state court a petitioner must satisfy the "cause and prejudice" test or, in the alternative, demonstrate that a fundamental miscarriage of justice would

6

result if he were not allowed to pursue that claim.  As the Supreme Court observed:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

Coleman v. Thompson, 501 U.S. 722, 750 (1991).  See also Sawyer v. Whitley, 505 U.S. 333, 338–39 (1992).  A fundamental miscarriage of justice occurs when "a constitutional violation has probably resulted in the conviction of one who is actually innocent."  Murray v. Carrier, 477 U.S. 478, 496 (1986).  That exception to the procedural default bar, however, is not applicable in this case since Fischer has not attempted to demonstrate that he is actually innocent of the crimes for which he was convicted.

## Discussion

As noted above, Fischer's petition for habeas corpus relief raises eleven claims, three of which are unexhausted and have been waived.  The remaining claims, as construed by the Magistrate Judge, are as follows:

7

1.    There was insufficient evidence at trial of Fischer's
      criminal intent to cause serious bodily injury to
      sustain a guilty verdict;

2.    There was insufficient evidence at trial of Fischer
      having taken a substantial step toward the commission
      of the crime of attempted first degree assault to
      sustain a guilty verdict;

3.    The jury instructions were insufficient to inform the
      jury of the elements of attempted first degree assault;

4.    Trial counsel provided constitutionally deficient
      representation by failing to propose sufficient jury
      instructions, pursuing a trial strategy that reduced
      the State's burden of proof with regard to the elements
      of first degree assault, failing to adequately
      investigate the charged criminal conduct, failing to
      understand the issues presented in the case, failing to
      procure the services of an expert witness, failing to
      request a jury view, and failing to properly argue a
      "Giglio" issue;

5.    The trial court failed to properly instruct the jury on
      "serious bodily injury," "substantial step," and the
      lesser included offense of simple assault;

6.    Fischer's sentences were unconstitutionally cruel and
      unusual;

8.    Fischer's sentences were grossly disproportionate to
      the crimes committed; and

11.   Fischer's due process rights were violated by the
      prosecutor's references to him as a liar during trial.

See Order of Magistrate Judge dated May 16, 2005 (document no.

5).

8

I.   <u>Procedurally Defaulted Claims</u>.

    The State asserts that Fischer's sufficiency of the evidence
claims (claims 1 and 2), his claims regarding jury instructions
(claims 3 and 5), and his prosecutorial misconduct claim (claim
11) are all procedurally barred because Fischer failed to raise
timely objections at his trial and because he failed to raise
those issues in his direct appeal to the New Hampshire Supreme
Court.

    With regard to claims 3 and 11, it is unclear whether
Fischer ever presented them to the New Hampshire Supreme Court
(or even a lower state court).  And, because Fischer's
"objection" to the State's motion for summary judgment is wholly
lacking in substance, Fischer has not demonstrated that those
claims have been exhausted.  Nevertheless, even assuming Fischer
presented those issues in one or more of his various post-trial
collateral attacks on his convictions, it is clear that those
claims were procedurally defaulted when Fischer failed to raise
them in his direct appeal.  <u>See</u> <u>State v. Fischer</u>, 143 N.H. 311
(1999).  Consequently, even if he had raised them in a state
proceeding collaterally attacking his convictions, the court
would have concluded that they had been forfeited.  <u>See generally</u>
<u>Martineau v. Perrin</u>, 119 N.H. 529, 531 (1979) ("We have firmly

9

and consistently required that objections and exceptions be taken at trial to preserve issues for our consideration, especially with regard to jury instructions."); Avery v. Cunningham, 131 N.H. 138, 143 (1988) ("[S]ince the petitioner had both knowledge of the issue and an opportunity to raise it properly before this court on direct appeal, but failed to do so, he has procedurally waived the issue for collateral review.").  Finally, because Fischer has failed to satisfy either prong of the "cause and prejudice" test, he cannot pursue his procedurally defaulted claims (claims 3 and 11) in this forum.  See, e.g., McLaughlin v. Moore, 152 F. Supp. 2d 123, 128 (D.N.H. 2001).

It is, however, less clear that claims 1 and 2 (insufficiency of the evidence) have been procedurally defaulted. Although, the State argued in its brief to the New Hampshire Supreme Court that Fischer was procedurally barred from pursuing those claims, the court declined to address that issue.  Instead, it disposed of those claims on the merits.  See State v. Fischer, slip op. at 2 (N.H. Oct. 21, 2004) ("[D]efendant also contests the sufficiency of the evidence and his counsel's failure to move for dismissal.  Even if properly before us, this argument has no merit.")  Accordingly, that decision on the merits is properly subject to constitutional challenge in this habeas proceeding.

10

<u>See, e.g.</u>, <u>Ylst v. Nunnemaker</u>, 501 U.S. 797, 801 (1991) ("State procedural bars are not immortal, however; they may expire because of later actions by state courts.  If the last state court to be presented with a particular federal claim reaches the merits, it removes any bar to federal-court review that might otherwise have been available.")

Fischer's fifth claim (faulty jury instructions on "serious bodily injury" and "substantial step") presents a different problem.  In his collateral attacks on his convictions before the state courts, Fischer presented those issues in the context of an ineffective assistance of counsel claim.  Plainly, he adopted that strategy to avoid having those claims procedurally barred. That is to say, if he had raised them as free-standing challenges to the jury instructions, the court would have declared them procedurally barred, since Fischer failed to raise them in his direct appeal.  <u>See</u> <u>Martineau</u>, 119 N.H. at 531-32.  In this proceeding, however, Fischer has abandoned his ineffective assistance claim and attempts to pursue those challenges to his convictions as free-standing constitutional claims.  Thus, it is apparent why the State asserts those claims have been procedurally defaulted.  Reading Fischer's petition literally, the State is correct: those claims are procedurally barred.

11

Nevertheless, because Fischer is pro se, the court will treat his petition as advancing those claims in the context of an ineffective assistance claim.  Thus, the court declines the State's invitation to hold that claim 5 of Fischer's appeal is procedurally defaulted.

II.  <u>State Decisions on Fischer's Collateral Attacks</u>.

While claims 3 and 11 are procedurally barred, the remainder of Fischer's claims (1, 2, 4, 5, 6, and 8) are not.  Claims 1, 2, 4, and 5 were addressed on the merits by both the New Hampshire Superior Court (decisions dated June 11, 2002, and April 25, 2003) and the New Hampshire Supreme Court (decision dated October 21, 2004).  Claims 6 and 8 were addressed (though not resolved on the merits) in the Superior Court's order on Fischer's motion to vacate and re-sentence (dated January 22, 2003).

A.   Sufficiency of the Evidence.

In its order dated October 21, 2004, the New Hampshire Supreme Court rejected Fischer's sufficiency of the evidence claims, concluding that "[t]he victim's testimony concerning the defendant's statements as he was choking her was sufficient to convict him of attempted first degree assault; her testimony that he yelled at her that if she called the police, he would kill

her, provided a basis for his witness tampering convictions."
Id. at 2–3.  See also N.H. Rev. Stat. Ann. ("RSA") 629:1
(describing the elements of attempt); RSA 631:1 (first degree
assault); and RSA 641:5 (tampering with witnesses and
informants).  Fischer has failed to articulate how that decision
is either contrary to, or an unreasonable application of, Supreme
Court precedent.  In fact, it is neither.  Consequently, the
State is entitled to summary judgment as to claims 1 and 2 of
Fischer's petition.

        B.    Ineffective Assistance of Counsel.

      The state superior court addressed, and rejected, Fischer's
ineffective assistance claims in its orders dated June 11, 2002
(claim 4) and April 24, 2003 (claim 5).  The New Hampshire
Supreme Court affirmed those decisions in its order dated October
21, 2004.  Both courts applied the appropriate test for
determining whether trial counsel provided constitutionally
deficient representation, see generally Strickland v. Washington,
466 U.S. 668 (1984), and Fischer has failed to describe how
either court's resolution of his claims was contrary to, or
amounted to an unreasonable application of, Supreme Court
precedent.  As to claims 4 and 5 advanced in Fischer's petition,
then, the State is entitled to summary judgment.

                              13

III. <u>De Novo Review of Fischer's Claims Regarding his Sentence</u>.

Fischer's assertions that his sentences are unconstitutionally cruel and unusual (claim 6) and grossly disproportionate to the crimes committed (claim 8) were referenced in the superior court's order dated January 22, 2003. But, because those claims had been resolved against Fischer by the Sentencing Review Division and because the New Hampshire Supreme Court declined to accept Fischer's appeal, the superior court declined to address them on the merits.

> As to defendant's first two claims regarding the severity of his sentence, the Court notes that the Sentence Review Division affirmed the sentences in these cases. Thereafter, the defendant filed a petition for Writ of Certiorari with the New Hampshire Supreme Court, arguing that the decision of the Sentence Review Division violated various constitutional rights. The Supreme Court denied the defendant's writ. The defendant then filed with the Supreme Court a request for a written determination on the merits of the Supreme Court's denial of his writ. This, too, was denied. Accordingly, this Court declines to review this issue any further.

<u>Id</u>. at 2. The State concedes that neither the superior court nor the New Hampshire Supreme Court addressed the merits of Fischer's claims concerning the severity of his sentence and, therefore, urges the court to review those claims de novo. Defendant's memorandum (document no. 12) at 32 ("Because the state court did not address the merits of [claims 6 and 8], AEDPA's strict

14

standards do not apply, and this Court will review the claim <u>de novo</u>.")  <u>See also</u> <u>Norton</u>, 351 F.3d at 5 (1st Cir. 2003); <u>Fortini</u>, 257 F.3d at 47.

The Eighth Amendment to the Constitution provides that "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."  A majority of the Justices of the Supreme Court have interpreted that constitutional provision to include "a narrow proportionality principle" that "applies to noncapital sentences."  <u>Harmelin v. Michigan</u>, 501 U.S. 957, 996–97 (1991) (Kennedy, J., concurring).  <u>See also</u> <u>Ewing v. California</u>, 538 U.S. 11 (2003).  Consequently, the Court "has on occasion stated that the Eighth Amendment prohibits imposition of a sentence that is grossly disproportionate to the severity of the crime.  But, outside the context of capital punishment, successful challenges to the proportionality of particular sentences have been exceedingly rare."  <u>Ewing</u>, 538 U.S. at 21 (citation and internal punctuation omitted).  This is not one of those exceedingly rare cases.  Fischer's sentences are neither grossly disproportionate to the crimes committed nor are they cruel and unusual.

Fischer was convicted of attempted first-degree assault, a
class A felony, for which he received the maximum statutory
sentence of 7½ to 15 years.  He was also convicted of witness
tampering, a class B felony, for which he received the maximum
statutory sentence of 3½ to 7 years, consecutive (i.e., a total
sentence of 11 to 22 years).  In arguing to the state courts that
his sentences were both disproportionate to the crimes committed
and cruel and unusual, Fischer asserted that he did not intend to
cause (and, in fact, claimed he did not cause) physical injury to
the victim.  But, as the State points out, the Supreme Court has
noted that "the presence or absence of violence does not always
affect the strength of society's interest in deterring a
particular crime or in punishing a particular criminal."  Rummel
v. Estelle, 445 U.S. 263, 275 (1980).

Here, the sentencing court was aware of the following:
independent of the crimes of conviction, Fischer had physically
abused the victim on prior occasions, including two on which he
had choked her (on one of those occasions, he rendered the victim
unconscious); he repeatedly violated a restraining order obtained
by the victim; despite her efforts to conceal her location and
telephone number from Fischer, he lied to a local business to
obtain her phone number and then illegally entered her basement

16

and tapped her phone lines.  The sentencing court was also aware
that, during trial, Fischer attempted to intimidate the victim as
she testified, by staring at her and mouthing vulgarities.  The
court also learned that, during one of the breaks in his trial,
Fischer attacked the prosecutor in the courthouse hallway and had
to be subdued by security officers.  <u>See</u> Trial transcript, day 1,
at 18.  <u>See also</u> Trial transcript, day 2, at 85–86 (Fischer was
gesturing in a vulgar way at the prosecutor and attempting to
intimidate either him or the victim).  And, finally, the court
knew that, during his pretrial confinement, Fischer had attacked
other inmates, as well as a corrections officer (whom Fischer
admitted biting).  <u>See</u> Trial transcript, day 4, at 27–28.
Plainly, the court was well aware that Fischer is a violent and
dangerous criminal.

     After hearing all the evidence against Fischer during trial,
observing Fischer during that period, and reviewing the
sentencing investigation report, the court said:

> I have reviewed all of the material that has been
> submitted, including the probation report, and I, of
> course, sat through the trial in this case, and I'm
> very familiar with the facts.  I also sat through some
> prior proceedings with you.  It is my belief, Mr.
> Fischer, that you are a very dangerous individual.  You
> are very manipulative, and you have conned many people.
> This is one day you do not get to con the Judge.  You

> have indicated that you are sorry for these events,
> however, I don't see any serious remorse.  Seems to me
> you are sorry that you are in the situation you're in,
> and that is the remorse I see.  I'm going to accept the
> State's recommendation in this case, based on the
> jury's verdict in these two matters [and impose the
> maximum sentence allowed by state law].

Trial transcript, day four, at 35–36.


     Given the nature of the crimes of which Fischer was
convicted, the circumstances surrounding his commission of those
crimes, and his violent and dangerous nature, the trial court's
decision to sentence him to the maximum statutory sentence on
both crimes of conviction did not run afoul of the Eighth
Amendment.  See generally Ewing, supra; Rummel, supra.  For the
foregoing reasons, as well as those set forth in the State's
memorandum (document no. 12), the State is entitled to judgment
as a matter of law as to claims 6 and 8 in Fischer's habeas
petition.


                          **Conclusion**

     The State's motion for summary judgment as to all claims
advanced in Fischer's petition for habeas corpus relief (document
no. 12) is granted.  The Clerk of Court shall enter judgment in
accordance with this order and close the case.

                              18

**SO ORDERED.**

_____
Steven J. McAuliffe
Chief Judge

August 29, 2006

cc:  David Fischer, <u>pro</u> <u>se</u>
     Susan P. McGinnis, Esq.